UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAOLINO S. F.,[1] | No.  1:26-cv-01048-JLT-SKO (HC) |
| Petitioner, | A-Number: 216-901-409 |
| v. | **FINDINGS AND RECOMMENDATION TO GRANT PETITION** |
| UNKNOWN, et al., | |
| Respondents. | **[10-DAY DEADLINE]** |

Petitioner Paolino S. F. is an immigration detainee proceeding with a petition for writ of habeas corpus. (Doc. 1.) The Court has previously addressed the legal issues raised by the petition. See, e.g., J.S.H.M. v. Wofford, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); Ortiz Donis v. Chestnut, No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); M.R.R. v. Chestnut, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025).

On February 10, 2026, the Court ordered Respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in the

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

cases cited above that would justify denying the petition. (Doc. 4.) On February 13, 2026, Respondents filed a response. (Doc. 9.) Respondents state that other than the facts of the manner in which Petitioner was apprehended, and that the detention authority relied on is under 8 U.S.C. § 1225(b)(1)(B)(ii) instead of § 1225(b)(2)(A), the case is not distinguishable from the cases identified above. (Doc. 9 at 2.)

Respondents first note that Petitioner, a passenger in the vehicle, was arrested during a traffic stop where the driver was speeding. An airsoft gun was located underneath Petitioner's seat which resembled a real gun. He was taken into custody by a border patrol agent. Respondents do not allege that Petitioner was charged or found guilty for any crimes, and state only that Petitioner was taken into custody by immigration authorities. Thus, the case is not materially different than the cases previously noted. There is no evidence that a prior determination of a change in circumstances was made prior to re-detention. Nor is there any indication that Petitioner was provided notice or an opportunity to be heard and to challenge the reasons for his arrest prior to his re-detention.

Respondents also argue that Petitioner's detention is governed by § 1225(b)(1), not § 1225(b)(2). Respondents' argument lacks merit. Title 8 U.S.C. §1225(b)(1), by its own language, governs the "[i]nspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled." According to the text of Section 1225(b)(1)(A)(i), a noncitizen "who is arriving in the United States" and satisfies the other criteria is subject to mandatory detention pending expedited removal. The plain meaning of the word "arriving" is being "in the process of reaching" a destination. Coalition for Humane Immigrant Rights v. Noem, 805 F. Supp. 3d 48, 90 (D.D.C. 2025). The words "arriving," "arrival," and "arrive" in Section 1225 appear to refer to a process that occurs upon physical entry into the United States, "not an interminable ... status" that attaches to a noncitizen upon arrival. Id. (citing approvingly this argument made by plaintiffs based on the text of 8 U.S.C. § 1225(b)(1)(A)(i), (F), (b)(2)(C), (d)(2)). Therefore, an "arriving alien" is one who is in the process of reaching the United States. See United States v. Rowland, 826 F.3d 100, 108 (2d Cir. 2016) ("If the meaning [of a statute] is plain, the inquiry ends there."); Torres v. Holder, 764 F.3d 152, 156 (2d Cir. 2014), *aff'd sub nom.*

2

Torres v. Lynch, 578 U.S. 452, 136 S.Ct. 1619, 194 L.Ed.2d 737 (2016) ("The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.") Because Petitioner was initially apprehended in 2021 and thereafter released and allowed to live in the United States for years, he cannot be classified as a noncitizen "who is arriving in the United States."  As the Supreme Court noted in Jennings, section 1225 applies "at the Nation's borders and ports of entry, where the Government must determine whether an alien seeking to enter the country is admissible." Jennings v. Rodriguez, 583 U.S. 281, 287, 138 S.Ct. 830 (2018). Section 1225 "authorizes the Government to detain certain aliens *seeking admission* into the country," whereas section 1226 "authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." Id., 583 U.S. at 289, 138 S.Ct. 830 (emphasis added). As other courts have done, the Court finds Petitioner's detention is not governed by § 1225(b)(1). Rather, Petitioner was released pursuant to § 1226(a).  See Sidqui v. Almodovar, No. 25-CV-9349 (VSB), 2026 WL 251929, at *8 (S.D.N.Y. Jan. 30, 2026) (collecting cases).

As to Respondents' alternative argument that detention is governed by § 1225(b)(2)(A), the case is not distinguishable from the Court's prior decisions in J.S.H.M. v. Wofford, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); Ortiz Donis v. Chestnut, No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); M.R.R. v. Chestnut, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025). Therefore, the Court will recommend the petition for writ of habeas corpus be GRANTED for the foregoing reasons, and for the reasons stated in those prior orders.

**RECOMMENDATION**

Accordingly, the Court hereby RECOMMENDS that Respondents be ORDERED to release Petitioner immediately and that Respondents be ENJOINED AND RESTRAINED from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:  __March 23, 2026__           ____/s/ _Sheila K. Oberto_____
                                    UNITED STATES MAGISTRATE JUDGE

4