UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAOLINO S. F.,

          Petitioner,

    v.

UNKNOWN,

          Respondent.

No.  1:26-cv-01048 JLT SKO (HC)

A-Number: 216-901-409

ORDER GRANTING PETITIONER LEAVE TO AMEND PETITION TO NAME A PROPER RESPONDENT

Petitioner Paolino S. F. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Petitioner filed the instant petition on February 6, 2026. (Doc. 1.) Petitioner did not name a respondent in this matter. On February 13, 2026, the United States Attorneys' Office filed a motion to dismiss the petition for failure to name a proper respondent. (Doc. 8.)

A petitioner seeking habeas corpus relief must name the officer having custody of him as the respondent to the petition.  28 U.S.C. § 2242; Rumsfeld v. Padilla, 542 U.S. 426, 430 (2004); Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).  As explained by the Supreme Court in Padilla, the proper respondent in habeas cases "is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Padilla, 542

1

U.S. at 435. The Ninth Circuit has "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. §2241, including those filed by immigrant detainees." Doe v. Garland, 109 F.4th 1188, 1199 (9th Cir. 2024).

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Id. at 1197. However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the facility administrator of his facility.  Padilla, 542 U.S. at 440 ("the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent"); West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).  In the interests of judicial economy, Petitioner need not file an amended petition.  Instead, Petitioner may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" in which Petitioner may name the proper respondent in this action.

**ORDER**

Based on the foregoing, Petitioner is GRANTED twenty-one (21) days from the date of service of this order in which to file a motion to amend the instant petition and name a proper respondent.  Failure to amend the petition and state a proper respondent will result in a recommendation that Respondent's motion be granted and the petition be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   **April 3, 2026**                          /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE

2