**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAOLINO S. F.,<br>(A-Number: 216-901-409)<br><br>Petitioner,<br><br>v.<br><br>WARDEN, MESA VERDE DETENTION CENTER, et al.,<br><br>Respondents. | No. 1:26-cv-01048 JLT SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART (Doc. 15)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO PROVIDE A BOND HEARING; AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |

Paolino S. F. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On March 23, 2026, the assigned Magistrate Judge issued Findings and Recommendations to grant the petition. (Doc. 15.) On April 1, 2026, Respondents filed objections. (Docs. 16, 17.) On April 8, 2026, Petitioner filed a reply to objections. (Doc. 21.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the entire matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis in part. The Court concurs with the magistrate judge that the Petition should be granted but departs as to the appropriate remedy. The record confirms that Petitioner was released into some form of supervision shortly after entering the United States in 2021 (Doc. 9-1 at 4), which necessarily required a finding that

1

he was not a danger to the community or a flight risk at that time. However, the re-detention challenged in this action immediately followed a contact with local law enforcement in which Petitioner was found seated in a vehicle near an airsoft gun that police believed had been modified to appear like a real firearm. (*Id*. at 3.) The magistrate judge correctly noted that this conduct has not been charged. (Doc. 15 at 2.) However, the conduct also has not yet been evaluated by an immigration judge for any impact on Petitioner's bond eligibility or conditions of release/supervision level. Thus, the Court finds that the appropriate remedy here is a bond hearing before an immigration judge.

Based upon the foregoing, the Court **ORDERS**:

1.     The Findings and Recommendations issued on March 23, 2026, (Doc. 15), are **ADOPTED** in part.

3.     Respondents are **ORDERED TO PROVIDE** Petitioner with a bond hearing within 14 days before an IJ wherein the Government must demonstrate by clear and convincing evidence, in accordance with the requirements of *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011), that Petitioner is not a flight risk or a danger to the community, or in the alternative, release Petitioner on appropriate conditions of supervision.

4.     The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated:   **April 9, 2026**

_____
UNITED STATES DISTRICT JUDGE

2